UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH, | No. 2:22-cv-0306 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and California law.

I.     Removal

On February 17, 2022, defendants Allison and California Department of Corrections and Rehabilitations (CDCR) filed a notice of removal under 28 U.S.C. § 1441(a). ECF No. 1 at 1-3. Defendants both consented to removal, and the action was removed within thirty days of service on the last-served defendant, as required under 28 U.S.C. § 1446(b). It has been more than thirty days since the notice of removal was filed and plaintiff has not sought to remand the case to state court on any grounds. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Plaintiff has therefore waived any potential defect in removal and removal appears proper. See Vasquez v. N. County Transit Dist., 292 F.3d

1

1049, 1060 n.5 (9th Cir. 2002) (failure to file timely motion to remand waived any defect based on failure to join all defendants in notice of removal).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. **Complaint**

Defendants' notice of removal is accompanied by a copy of the original complaint—which alleged claims for relief under state law only—and plaintiff's amendments to the complaint, which added additional defendants and putative claims under 42 U.S.C. § 1983. ECF No. 1-1 at 5-16 (original complaint), 23-40 (amendments). The complaint, as amended, alleges that defendants CDCR, Diaz, Baughman, Lefell, Kincross, Newsom, and the Doe Director of the Department of Industrial Relations were negligent and violated plaintiff's rights under the Eighth Amendment. Id. Specifically, plaintiff alleges that Kincross and Lefell, who were responsible for building repairs, failed to make repairs to the roof, despite repeated reports from the floor officers that the roof was leaking, which led to plaintiff slipping on the wet floor during his shift as a porter and suffering permanent injuries to his left elbow, back, and spine. Id. at 10-12, 23, 25. He alleges that the failure to repair the leak constituted negligence and deliberate indifference by defendants CDCR, Diaz, Baughman, Lefell, and Kincross. Id. He further alleges that his rights under the Eighth Amendment were violated when the Department of Industrial Relations denied worker's compensation benefits and the CDCR ordered him to return to work despite still being injured. Id. at 23, 25, 27, 29.

////

////

IV. Failure to State a Claim

A. Defendant CDCR

"Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). As an arm of the State, the CDCR is therefore immune from suit under § 1983. Furthermore, under California Government Code § 844.6, "a public entity is not liable for . . . [a]n injury to any prisoner." Cal. Gov't Code § 844.6(a)(2). The definition of prisoner includes both inmates of a prison, Cal. Gov't Code § 844, and public entities include the state and its agencies, Cal. Gov't Code § 811.2. Although § 844.6 provides exceptions for the failure to provide medical care and worker's compensation claims, plaintiff does not allege a failure to provide medical care and, as discussed below, his worker's compensation claims are barred in this court. The CDCR is therefore immune to plaintiff's negligence claims.

B. Workers' Compensation

The Eighth Amendment prohibits cruel and unusual "punishment." An Eighth Amendment claim therefore involves, by definition, the punishment that is inflicted on a person convicted and incarcerated by the state. See Austin v. United States, 509 U.S. 602, 609-10 (1993); Wright v. Riveland, 219 F.3d 905 (9th Cir. 2000). This punishment includes the conditions of confinement, but the denial of worker's compensation benefits by an extra-correctional entity cannot be construed as "cruel and unusual punishment" within the meaning of the Constitution because it is not part of the carceral punishment. Because workers' compensation is not a condition of plaintiff's confinement in prison, its denial cannot possibly violate any right guaranteed by the Eighth Amendment.

Furthermore, California's Workers' Compensation Act grants the Workers' Compensation Appeals Board exclusive authority to hear claims "[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto." Cal. Labor Code § 5300(a); see also U.S. Fid. & Guar. Co. v. Lee Invs. LLC, 641 F.3d 1126, 1134 (9th Cir. 2011). The statute establishes "exclusive jurisdiction within the workers' compensation system for 'all

4

disputes over coverage and payment.'" Mitchell v. Scott Wetzel Servs., Inc., 227 Cal. App. 3d 1474, 1480 (1991) (quoting Marsh v. McLennan, Inc., 49 Cal 3d 1, 7-8 (1989)).  For this reason, other district courts in California have refused to entertain claims involving worker's compensation benefits, brought by inmate workers who have been injured in prison.  See, Rodriguez v. State Comp. Ins. Fund, No. 05-cv-2600 LKK GGH, 2006 WL 8458934, at *3, 2006 U.S. Dist. LEXIS 108762, at *6 (E.D. Cal. Jan. 9, 2006) ("The mere denial of workman's compensation by the State Insurance Compensation Fund does not present a federal question."); Ledesma v. Cal. Rehab. Ctr., No. 15-cv-2638 FMO JPR, 2016 WL 1165920, at *3, 2016 U.S. Dist. LEXIS 38971, at *9 (C.D. Cal. Feb. 16, 2016), report and recommendation adopted, 2016 WL 1170885, 2016 U.S. Dist. LEXIS 38967 (C.D. Cal. Mar. 24, 2016); Montgomery v. Cal. Workers Comp. Appeals Bd., No. 10-cv-3076 CL, 2011 WL 2470080, at *3, 2011 U.S. Dist. LEXIS 65812, at *8-9 (D. Or. May 9, 2011), report and recommendation adopted, 2011 WL 2462938, 2011 U.S. Dist. LEXIS 65811, (D. Or. June 20, 2011).  As the magistrate judge explained in Montgomery, "[r]egardless of the label placed on plaintiff's claims . . . [their] gravamen . . . relate to denial of worker's compensation benefits which plaintiff believes are due him" and thus they "are barred by the exclusive remedy provided by the California workers' compensation system." Id. (citations omitted).  Because exclusive jurisdiction is vested in the California workers' compensation system, this court lacks jurisdiction over plaintiff's worker's compensation claims.

        C.   Personal Involvement

The complaint fails to identify any actions by defendants Newsom, Diaz, and Baughman.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980), and plaintiff has not alleged any facts showing the necessary personal involvement by any of these defendants.  Additionally, to the extent plaintiff alleges that his Eighth Amendment rights were violated because he was forced to work while injured, he does not identify which individuals ordered him

////

to work despite being aware of his injuries and therefore fails to state a claim for relief on that ground.

### D. Eighth Amendment

Plaintiff's allegations that defendants Kincross and Lefell failed to protect him from a dangerous condition when they failed to fix a leak in the roof, without more, fails to state a claim for violation of plaintiff's Eighth Amendment rights. See Jackson, 885 F.2d at 641 (slippery floors "do not state even an arguable claim for cruel and unusual punishment"); Brown v. Flores, No. 18-cv-1578 LHK, 2018 WL 9838120, at *2, 2018 U.S. Dist. LEXIS 229920, at *5-6 ("Case law is clear that a single defective condition—such as a slippery floor, a leaking roof, or a broken oven—by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment." (citing Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996))); Collier v. Garcia, No. 17-cv-5841 LHK, 2018 WL 659014, at *2, 2018 U.S. Dist. LEXIS 16909, at *3 (collecting cases) ("Claims regarding slippery floors, without more, 'do not state even an arguable claim for cruel and unusual punishment.'" (quoting Jackson, 885 F.2d at 641)) (N.D. Cal. Jan. 31, 2018).[1]

### E. Negligence

For purposes of screening only, it appears that plaintiff's allegations support a claim for negligence under California law. However the court will not exercise supplemental jurisdiction over such claims unless plaintiff has also stated a cognizable claim for relief under federal law. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

## V. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable federal claims and that it should not exercise jurisdiction over plaintiff's state law

---

[1] But see Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" where defendants were aware that the plaintiff was on crutches and had fallen and injured himself several times on slippery shower floors).

claims unless he has also stated a cognizable claim under federal law.  Because it appears that plaintiff may be able to amend the complaint to state cognizable federal claims, he will be given an opportunity to amend the complaint if he desires.  Plaintiff may also choose to voluntarily dismiss all claims under federal law.  If plaintiff chooses to voluntarily dismiss all of his federal law claims, it will be recommended that this case be remanded back to the Sacramento County Superior Court.  Plaintiff is advised that in the event he files an amended complaint, if the court determines that he has not stated any viable claims under federal law, it will be recommended that his state law claims be remanded back to the Sacramento County Superior Court.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff chooses to voluntarily dismiss all federal claims, it will be recommended that this case be remanded to the Sacramento County Superior Court.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

the original complaint and amendment no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Motion for Summary Judgment

Plaintiff has filed a document styled as a motion for summary judgment that is in fact a request for default judgment. ECF No. 7. The motion states that defendant Allison was served with the complaint on January 19, 2022, and failed to respond to the complaint within thirty days. Id. at 2-3. Because plaintiff is a prisoner proceeding pro se, his complaint is subject to screening under 28 U.S.C. § 1915A(a) and defendants have no obligation to respond to the complaint until it has been screened and a response has been ordered by the court. The complaint had not been screened at the time plaintiff filed his motion for default judgment, and the instant screening finds that the complaint does not state a federal claim for relief and an answer is therefore not required at this time. Defendants are therefore not in default and the motion for default judgment will be denied.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

You have not alleged facts showing that you have a claim for relief under federal law, and the court should not consider your state law claims if you do not have any federal claims. You may amend your complaint to try to fix these problems or you may voluntarily dismiss your federal claims and it will be recommended that this case be sent back to the Sacramento County Superior Court.

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint or amendment. **Any claims and information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has not stated any cognizable claims under federal law.

2. Plaintiff has the option to (1) voluntarily dismiss all federal law claims and have this case remanded to the Sacramento County Superior Court or (2) amend the complaint.

8

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to voluntarily dismiss his federal law claims or file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to amend the complaint and will proceed accordingly.

4. Plaintiff's motion for summary judgment (ECF No. 7) is construed as a motion for default judgment and is DENIED.

DATED: April 28, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | No.  2:22-cv-0306 KJM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to voluntarily dismiss all federal law claims and proceed on his state law claims only.  Plaintiff understands that voluntarily dismissing his federal law claims will result in a recommendation that this action be returned to the Sacrament County Superior Court.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                    _____
                                    Delbert J. Smith
                                    Plaintiff pro se

1