UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH, | No. 2:22-cv-0306 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, originally filed this action in the Sacramento County Superior Court. ECF No. 1. The original complaint alleged claims for relief under state law only. ECF No. 1-1 at 5-16. After plaintiff amended the complaint to allege violations under 42 U.S.C. § 1983, defendants removed the case to federal court under 28 U.S.C. § 1441(a). ECF No. 1 at 1-3 (notice of removal); ECF No. 1-1 at 23-40 (amendments to complaint). On screening, the undersigned found that plaintiff had not stated any cognizable federal claims and provided plaintiff the options of either amending the complaint or voluntarily dismissing all federal law claims and having the case remanded to the Sacramento County Superior Court. ECF No. 11. Plaintiff has now filed a motion to remand this case to state court that is accompanied by a notice stating that he wants to voluntarily dismiss all of his federal law claims. ECF No. 12.

1

1  Defendants have not responded to the motion to remand.

2  Since plaintiff has voluntarily dismissed his federal law claims, it is at this court's
3  discretion whether to exercise supplemental jurisdiction over plaintiff's remaining state law
4  claims.[1] Carlsbad Tech. Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009) (statutory supplemental
5  jurisdiction over state law claims remains even after dismissal of federal claims and is exercised
6  at court's discretion); 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental
7  jurisdiction where all claims over which it had original jurisdiction are dismissed).  The court's
8  decision whether to exercise supplemental jurisdiction should be informed by "values of
9  economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001
10 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted).  Further, primary
11 responsibility for developing and applying state law rests with the state courts.  Therefore, when
12 federal claims are eliminated before trial, district courts should usually decline to exercise
13 supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988)
14 (citation omitted); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994)
15 ("'[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of
16 factors . . . will point toward declining to exercise jurisdiction over the remaining state law
17 claims.'" (emphasis and alteration in original) (quoting Schneider v. TRW, Inc., 938 F.2d 986,
18 993 (9th Cir. 1991))).  Because the federal claims have been dismissed and this case is in its early
19 stages, the court should decline to exercise supplemental jurisdiction over plaintiff's state law
20 claims and remand the case back to state court.  See Carnegie-Mellon Univ., 484 U.S. at 357
21 ("[A] district court has discretion to remand to state court a removed case involving pendent
22 claims upon a proper determination that retaining jurisdiction over the case would be
23 inappropriate.").

24 ////

25 ////

---

[1] Plaintiff's state law claims were based upon the same incidents as his federal law claims. See 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's Notice on How to Proceed (ECF No. 12 at 3) is construed as a VOLUNTARY DISMISSAL of plaintiff's federal law claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). See ECF No. 12.

IT IS FURTHER RECOMMENDED that:

1. This court decline to extend supplemental jurisdiction over plaintiff's state law claims and the motion to remand this action to state court (ECF No. 12) be GRANTED and the matter be remanded to the Sacramento County Superior Court.

2. The Clerk of the Court be directed to mail a certified copy of the order of remand to the clerk of the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE